UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIO FRANCO,

                        Plaintiff,                              **COMPLAINT**

                                                                **JURY TRIAL DEMANDED**

               -against-

                                                       5:16-cv-634 (FJS/TWD)

THE CITY OF SYRACUSE, POLICE OFFICER JOHN
GONSALUS 0453, POLICE OFFICER WILLIAM LASHOMB,
POLICE OFFICER MAURO 132, POLICE OFFICER KELLY 279
and UNIDENTIFIED SYRACUSE POLICE OFFICERS,
all sued herein in their capacity as individuals.

                         Defendants
------------------------------------------------------------------X

       Plaintiff Mario Franco, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under federal law more specifically pursuant to 42 U.S.C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

2.      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Northern District of New York because events forming the basis of the Complaint occurred in that District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

3.      At all times relevant, plaintiff MARIO FRANCO, was a resident of the City of Syracuse, Onondaga County in the State of New York and he is an African-American male.

4.      Upon information and belief, at all times hereinafter mentioned, the CITY OF

SYRACUSE was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, Syracuse, its agents, servants and employees operated, maintained and controlled the Syracuse Police Department (SPD), including all the police officers thereof.

6. Upon information and belief, at all times hereinafter mentioned, defendants POLICE OFFICER JOHN GONSALUS, POLICE OFFICER WILLIAM LASHOMB, POLICE OFFICER MAURO, POLICE OFFICER KELLY and UNIDENTIFIED SYRACUSE POLICE OFFICERS, were employed by Syracuse, as members of its police department and they are sued herein in their capacity as individuals.

7. Defendants were at all times relevant duly appointed and acting as employees of SPD and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

8. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

9. At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

10. On July 5, 2014 at approximately 12:30 am, at Westcott Place Mr. Franco was attempting to attend a party at the Syracuse University campus.

11. When the plaintiff arrived there were a few other young people there outside of their cars waiting for people to get together to attend the party.

12. Plaintiff walked up to his friend's car and asked him for the exact location of the party.

13. At that point defendant John Gunsalus and several other officers had arrived and Gonsalus grabbed Mr. Franco by his shoulder, spun him around, pinned him against the car, hurled racial slurs at him and punched him in the face knocking him to the ground.

14. Defendant William Lashomb joined in and punched plaintiff and kneed him in the ribs, stomach and face.

15. While Mr. Franco was being beaten, officers including but not limited to Police Officer Mauro, Police Officer Kelly and other Unidentified Police Officers did nothing to stop him from being abused, although they had a reasonable opportunity to do so.

16. Gunsalus hit the plaintiff at least two times and Lashomb kneed and punched Mr. Franco several times.

17. Mr. Franco incurred injuries including to his stomach, ribs and face and he was bruised, cut and he had severe swelling to the left side of his face and head.

18. Plaintiff was arrested on false charges and he spent approximately 5 days in jail before being released.

19. When Mr. Franco was in custody he requested medical treatment and it was refused.

20. As a direct result of Mr. Franco's encounter with the defendants one of plaintiff's earrings was missing and the second one had the stem broken off and the diamond was removed from it; his "lost" and destroyed property was worth approximately $600.

21. Plaintiff was falsely charged and prosecuted on charges pursuant to NYPL §§ 240.26

(Violation Harassment in the 2nd Degree) and 205.30 (Resisting Arrest).

22. Plaintiff made repeated court appearances before going to trial and being acquitted of all counts during the week of June 15 2015.

23. At trial the defendants provided false information and testimony in their unsuccessful efforts to convict Mr. Franco of a crime to cover up their own bad acts.

### FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

25. Mr. Franco's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, via his being subjected to excessive and unreasonable force.

26. The defendants beat Mr. Franco unnecessarily and maliciously without the need to use any force, much less the excessive, gratuitous force employed.

27. As a direct consequence of defendants' actions, plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendment to the United States Constitution, and more particularly, his right to be free from the use of excessive and unreasonable force.

28. The individual defendants' acts caused plaintiff to sustain physical injuries, pain and suffering, emotional harms and he was otherwise harmed.

29. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to

compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### FAILURE TO INTERVENE IN VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

31.     Mr. Franco was subjected to the continued use of excessive and unnecessary force due to the defendant officers' failure in their affirmative duty to intervene to prevent the violation of Mr. Franco's Fourth Amendment rights.

32.     The defendants had a reasonable opportunity to intervene to prevent the beating and further beating of the plaintiff which was happening in their presence.

33.     The individual defendants' inaction caused plaintiff to sustain physical injuries, emotional harms, his property disappeared and in part was broken and he was otherwise harmed.

34.     By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION
### VIA FALSE ARREST

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs as if fully stated herein.

36.     Mr. Franco's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the defendants.

37.     The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

38.     As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

39.     Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Franco was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed and defamed by being placed in handcuffs in front of his friends, and he was otherwise harmed.

40.     By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION
### <u>VIA MALICIOUS PROSECUTION</u>

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs as if fully stated herein.

42. Mr. Franco's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to his being maliciously prosecuted by the defendants.

43. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued his arrest, without probable cause, the arrests were effected with malice and the charges terminated in Mr. Franco's favor via an acquittal on all charges.

44. Defendants generated and forwarded documents to the District Attorney which falsely alleged the plaintiff committed crimes.

45. Defendants disingenuously informed the District Attorney that the plaintiff had committed crimes.

46. Defendants testified falsely at trial.

47. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court numerous times over slightly less than a year, caused the plaintiff to fear going to jail, anxiety, defamation in his community, pecuniary harms and he were was otherwise harmed.

48. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**VIOLATION OF PLAINTIFF'S FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS VIA DENIAL OF HIS RIGHT TO A FAIR TRIAL, i.e.,**

## DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS

49. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

50. Mario Franco was denied his right to a fair trial i.e., he was subjected to a deprivation of liberty without due process in violation of the Fourth, Sixth and Fourteenth Amendments by the individual defendants who created false information and provided that information to the District Attorney and who testified falsely at his criminal trial at which he was acquitted.

51. The individual defendants fabricated and forwarded to prosecutors information they knew to be false and said false information was almost certain to influence a jury's verdict, and in so doing Mario Franco was denied his right to a fair trial and he was thereby damaged.

52. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court numerous times over slightly less than a year period, caused the plaintiff to fear going to jail, anxiety, defamation in his community, pecuniary harms and he was otherwise harmed.

53. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

## SIXTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF AN ILLEGAL SEIZURE OF HIS PROPERTY IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

55.     Mr. Franco's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, via his property being illegally seized.

56.     As a direct consequence of defendants' actions, plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth Amendment to the United States Constitution, and more particularly, his right to be free from an illegal seizure of his property.

57.     The individual defendants' acts caused plaintiff to lose his property and to be pecuniarily harmed.

58.     By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $600.00 (SIX HUNDRED) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### SEVENTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT SYRACUSE i.e., MONELL CLAIM

59.     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

60.     Syracuse is liable to the plaintiff for having violated plaintiff's rights protected by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, more specifically his rights to be free from the use of excessive and unreasonable force and his right not to be arrested and prosecuted without probable cause.

61.     As a matter of *de facto* policy, Syracuse tolerates members of the SPD committing acts violating the Constitutional rights of members of the African American community.

62.     Syracuse operates and controls a police department with numerous members, insensitive

and hostile to the African American community.

63.	The SPD has had frequent instances of false arrests, malicious prosecutions, denial of fair trials and the use of gratuitous, unreasonable and excessive force against members of the African American community as well as other violations of that community's constitutional rights, and still, Syracuse has failed to take effective action to curtail the aforementioned behavior by its officers.

64.	It is the *de facto* policy of the SPD to tolerate excessive force by its officers against members of the African American community.

65.	It is the *de facto* policy of the SPD to tolerate false arrests of members of the African American community.

66.	It is the *de facto* policy of the SPD to tolerate malicious prosecutions caused by its officers against members of the African American community.

67.	It is the *de facto* policy of the SPD to tolerate the denial of fair trials by its officers against members of the African American community.

68.	It is the *de facto* policy of the SPD to tolerate officers testifying falsely and providing false information to prosecutors in actions against members of the African American community.

69.	There are frequent complaints against the SPD to Internal Affairs and to the Citizens Review Board and the SPD takes no effective action to remedy the ongoing problems delineated above of SPD officers discriminating against members of the African American community.

70.	Due to the *de facto* racism within the SPD and Syracuse's tolerance thereof, plaintiff suffered the harms outlined herein.

71.	Defendant Syracuse via its *de facto* policy of tolerating the abuse of African Americans,

caused plaintiff to sustain physical injuries, he was denied his freedom, he was forced to make court appearances, he was pecuniarily harmed and he was otherwise harmed.

72.     By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages of not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

      **WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

      (A)    Declaratory relief finding that plaintiff Mario Franco's rights under the United States Constitution were violated;

      (B)    Compensatory damages to be determined at trial in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS

      (C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial;

      (D)    An award to plaintiff of the costs and disbursements herein;

      (E)    An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

      (F)    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 3, 2016

                                              / s /
FRED LICHTMACHER 513193
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
2 Wall Street 10th Floor
New York, New York 10005
Tel. No. (212) 922-9066

To:    The City of Syracuse
City of Syracuse Corporation Counsel
233 E Washington St
Syracuse, NY 13202

Police Officer John Gonsalus 0453
511 S State Street
Syracuse New York 13202

Police Officer William Lashomb
511 S State Street
Syracuse New York 13202

Police Officer Mauro 132
511 S State Street
Syracuse New York 13202

Police Officer Kelly 279
511 S State Street
Syracuse New York 13202