UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIO FRANCO,                                                                5:16-CV-634 (FJS/TWD)
                     Plaintiff,

         -against-

THE CITY OF SYRACUSE, POLICE OFFICER JOHN
GUNSALUS 0453, POLICE OFFICER WILLIAM LASHOMB,
POLICE OFFICER MAURO 132, POLICE OFFICER KELLY 279,
and UNIDENTIFIED SYRACUSE POLICE OFFICERS,
all sued herein in their capacity as individuals.

                     Defendants
-------------------------------------------------------X
_____

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**


Dated: March 27, 2018

                     By:    FRED LICHTMACHER 513193
                            The Law Office of Fred Lichtmacher P.C.
                            Attorney for Plaintiff
                            116 West 23rd Street Suite 500
                            New York, New York 10011
                            Tel. No. (212) 922-9066

To:    Corporation Counsel City of Syracuse
        300 City Hall
        233 East Washington Street
        Syracuse, New York 13202
        Tel: (315) 448-8400
        cdejoseph@syrgov.net

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ....................................................................................ii

**Procedural Posture**................................................................................................1

**Point I**
**Plaintiff's Failure to Intervene Claim Against Officer Kelly for Failing to Intervene as to the Beating and the False Arrest must Not Be Dismissed**
............................................................................................................................. 2

**Point II**
**Plaintiff's False Arrest Claim must Not Be Dismissed**.......................................4

**Point III**
**Plaintiff's Malicious Prosecution Claim must Go to the Jury**..........................6

**Point IV**
**Plaintiff's Denial of a Fair Trial Claim must Proceed to Trial**........................9

**Point V**
**Plaintiff dismisses his Monell and Destruction of Property Claims with Prejudice**.......10

**Point VI**
**The Defendants are Not Entitled to Qualified Immunity**...................................10

**Point VII**
**Where There are Genuine Issues of Material Fact Summary Judgment is Not Appropriate**................................................................................13

**Conclusion**.............................................................................................................13

## Table of Authorities

**Statutes Relied Upon**

| | |
|---|---|
| 42 U.S.C. § 1983 | **1, 6, 8, 9** |
| Fed R Civ P 56 | 2, 13 |

Cases Relied Upon

| | |
|---|---|
| Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) | 1, 13 |
| Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) | 4 |
| Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) | 9 |
| Chepilko v. City of New York, No. 06–cv 1491 (EDNY 2012) | 4 |
| Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012) | 11 |
| Cowan v Breen, 352 F3d 756, 761 (2d Cir 2003) | 12 |
| Cuellar v. Love, No. 11–CV–3632, 2014 WL 1486458 at *8 (S.D.N.Y. 2014) | 3 |
| Fappiano v. City of New York, 640 F. App'x. 115, 118 (2d Cir. 2016) | 8 |
| Gallagher v. Delaney, 139 F.3d 338 (2d Cir.1998) | 1 |
| Graham v. Connor, 490 U.S. 386, 396 (1989) | 11 |
| Hemphill v Schott, 141 F.3d 412, 416-18 (2d Cir. 1998) | 13 |
| Holtz v. Rockefeller & Co., 258 F.3d 62, 75 (2d Cir.2001) | 1 |
| Jasco Tools, Inc. v. Dana Corp., 574 F.3d 129 (2d Cir.2009) | 2 |
| Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005) | 13 |
| Jocks v Tavernier 316 F.3d 128, 138 (2d Cir. 2003) | 10 |
| Kaytor v. Electric Boat Corp., 609 F.3d 537 (2d Cir.2010) | 2 |
| Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995) | 11 |
| Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) | 6 |
| Martinez v. Simonetti, 202 F.3d 625, 633-34 (2d Cir. 2000) | 10,11 |
| Murphy v. Lynn, 118 F.3d 938, 946 (2d Cir.1997) | 8 |
| Oliveira v. Mayer, 23 F.3d 642, 649 (2d Cir. 1994) | 12 |
| Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010) | 9 |
| Redd v. New York State Division of Parole, 678 F.3d 166 (2d Cir. 2012) | 1 |
| Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000) | 2 |
| Ricciuti v City of New York, 124 F.3d 123,130 (2d Cir. 1996) | 9 |
| Rodriguez v. Comas, 888 F.2d 899, 901 (1st Cir. 1989) | 11 |
| Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) | 4 |
| Thomas v Roach, 165 F3d 137, 143 (2d Cir 1999) | 12 |
| Weiner v. McKeefery, 90 F. Supp. 3d 17, 45 (E.D.N.Y.2015) | 6 |
| Weyant v Okst, 101 F3d 845, 857 [2d Cir 1996] | 10 |

**PROCEDURAL POSTURE**

On June 3, 2016 Plaintiff Mario Franco commenced this federal action by filing a Complaint. On February 6, 2017, Plaintiff filed an Amended Complaint bringing actions for excessive force, failure to intervene, false arrest, malicious prosecution, deprivation of liberty without due process, illegal seizure of property, and a Monell claim, pursuant to 42 U.S.C. § 1983 against the City of Syracuse, Police Officer John Gunsalus, Police Officer William Lashomb, Police Officer Joseph Mauro, Police Officer Shawn Kelly, and Unidentified Syracuse Police Officers. After interrogatories were served and responded to, significant document discovery was conducted, depositions of all the parties and most of the independent witnesses were conducted, the parties stipulated to discontinue Plaintiff's Complaint as against Defendants LaShomb and Mauro. Defendants now have moved for partial summary judgment on Plaintiff's failure to intervene claim, false arrest claim, malicious prosecution claim, deprivation of liberty without due process claim, illegal seizure of property claim, and a Monell claim. Alternatively, Defendants also alleged that they are entitled to qualified immunity as to Plaintiff's false arrest, malicious prosecution, and illegal seizure claim. For the reasons stated below, Defendants' applications must be denied except as to Monell and illegal seizure of property which Plaintiff voluntarily dismisses with prejudice.

**Standard of Review**

The Second Circuit's restatement of the guiding summary judgment standard in <u>Redd v. New York State Division of Parole</u>, 678 F.3d 166, 173-74 (2d Cir. 2012) (reversing grant of summary judgment) is worth setting out at length:

> The granting of summary judgment is proper only where there is "no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed.R.Civ.P. 56(a). "[A]t the summary judgment stage the judge's function is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Liberty Lobby"). "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed.R.Civ.P. 56(e) Advisory Committee Note (1963). The " '[e]valuation of ambiguous acts' " is a task " 'for the jury,' " not for the judge on summary judgment. Holtz v. Rockefeller & Co., 258 F.3d 62, 75 (2d Cir.2001) ... (quoting Gallagher v. Delaney, 139 F.3d 338, 347 (2d Cir.1998) ("Gallagher "), abrogated in part on other grounds by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ... ). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting Liberty Lobby, 477 U.S. at 255, 106 S.Ct. 2505). . . . Summary judgment is inappropriate when the admissible materials in the record " 'make it arguable' " that the claim has merit. See, e.g., Jasco Tools, Inc. v. Dana Corp., 574 F.3d 129, 151 (2d Cir.2009) ... . On such a motion, "[t]he evidence of the non-movant is to be believed," Liberty Lobby, 477 U.S. at 255, 106 S.Ct. 2505; all permissible "inferences are to be drawn in [her] favor," id.; and the court "must disregard all evidence favorable to the moving party that the jury is not required to believe," Reeves, 530 U.S. at 151, 120 S.Ct. 2097 (emphasis added). "In sum, summary judgment is proper only when, with all permissible inferences and credibility questions resolved in favor of the party against whom judgment is sought, 'there can be but one reasonable conclusion as to the verdict,' " Kaytor v. Electric Boat Corp., 609 F.3d 537, 546 (2d Cir.2010) ("Kaytor ") (quoting Liberty Lobby, 477 U.S. at 250, 106 S.Ct. 2505),...

Viewed in the light most favorable to Plaintiff, as is appropriate when ruling on summary judgment, Plaintiff's actions enumerated below must survive. Based on the facts juxtaposed with the applicable law, Plaintiff's claims must be decided by the jury.

**STATEMENT OF FACTS**

For the facts necessary to support plaintiff's motion defense, Plaintiff refers to his response to Defendants' statement of material facts supplemented here as is necessary.

## ARGUMENT

**POINT I**

**PLAINTIFF'S FAILURE TO INTERVENE CLAIM AGAINST OFFICER KELLY FOR FAILING TO INTERVENE AS TO THE BEATING AND THE FALSE ARREST MUST NOT BE DISMISSED**

Plaintiff's Second Cause of Action alleges that Officers Gunsalus and Kelley failed to intervene on behalf of Plaintiff. In light of the overwhelming evidence that both Gunsalus and Kelly battered Franco, based on several witness's testimony, there is clearly a direct claim against Gunsalus and Kelly for excessive force. Where there is a direct claim for a constitutional violation against an officer, the derivative failure to intervene claim is usually held to be waived. See: Cuellar v. Love, No. 11–CV–3632, 2014 WL 1486458 at *8 (S.D.N.Y. 2014). Additionally as Gunsalus was the arresting officer and he testified at trial, the false arrest, malicious prosecution and denial of a fair trial claims accurately allege his direct participation in the alleged constitutional violations. Therefore, in light of what was learned in discovery, Plaintiff withdraws the failure to intervene claims against Gunsalus on all counts.

However, some of the testimony places Defendant officer Kelly next to Franco and Gunsalus while the beating is occurring. Some of the witnesses have him directly participating in the beating and some are silent on the issue. Gustke names one officer as the beater. (See Ex. "5" p 78 line 17- p 79 line 2) As the trier of fact could find that Gunsalus beat the Plaintiff and Kelly was present and did not participate and merely failed to act, the failure to intervene in the beating claim against Kelly

should go to the jury. If the jury finds Kelly participated in beating the Plaintiff, the verdict sheet could inform the trier of fact to skip the failure to intervene in the beating claim.

As Defendant Kelly testified at the criminal trial, he is potentially on the hook for directly participating in the malicious prosecution and the denial of a fair trial claim so Plaintiff waives as to Kelley's failure to intervene on those claims. However, he could still be found liable for failure to intervene as to the false arrest claim as the evidence shows he was present and should have known Gunsalus did not have probable cause to arrest Mr. Franco.

"An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994)). However, where an officer is found liable for direct participation in a constitutional deprivation, no action for failure to intervene exists. Chepilko v. City of New York, No. 06–cv 1491 (EDNY 2012)WL 398700, at *8 n.5 CV–5491, 2012(E.D.N.Y. Feb. 6, 2012)

**POINT II**

**PLAINTIFF'S FALSE ARREST CLAIM MUST NOT BE DISMISSED**

To state a claim for false arrest under New York law, the plaintiff must demonstrate that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)) It is frankly hard to understand why defendants brought this frivolous motion in light of the several disputed issues of material fact.

Plaintiff, and the witnesses, dispute that there was an audible order to disperse. Defendant Gunsalus claimed that he gave a verbal command to disperse. (See Ex. "2", p.45-46). But Plaintiff, together with other witnesses, testified that after Plaintiff arrived on Victoria Place, there was no officer making any announcement over a loudspeaker for everybody to disperse. (See Ex. "1", p.21 lines 5-9, p.22 lines 17-20; See Ex. "3", p.55 lines 2-4, p.56 lines 24-25, p.57 lines 2-10; See Ex. "4", p.22 lines 23-25, p.23 line 2, p.27 lines 19-23; See Ex. "5", p.62 lines 1-4; See Ex. "7", p.38 lines 5-8). When Defendant Gunsalus approached Plaintiff from Plaintiff's right side, but behind Plaintiff, he did not give any order or say anything to Plaintiff. (See Ex. "1", p.29 lines 12-25; See Ex. "4", p.27 lines 10-14, p.41 lines 3-9). Defendant Gunsalus did not give Plaintiff any order to disperse. (See Ex. "1", p.29 lines 12-25; See Ex. "4", p.28 lines 14-17, p.43 lines 7-10).

Defendants go on to argue that Gunsalus had no way of knowing Franco did not hear the commands he allegedly gave. But in light of the fact that numerous witnesses did not hear the alleged commands, a jury could readily agree that the order was a fiction, that it was never given, and that there was no probable cause to arrest plaintiff for allegedly "failing to disperse."

Defendants base there argument in part on Fagen's memory of words to the effect of it's time to leave. First of all, that is a far cry from a legal order. Secondly, the only ones supporting anything like that statement are the officers. Lastly, Fagan admits he was smoking marijuana repeatedly that evening. (See Ex. "7" p 25 lines 7-15).

Clearly plaintiff's false arrest claim must go to the jury.

**POINT III**

      **PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST GO TO THE JURY**

To succeed on a malicious prosecution claim under § 1983, a plaintiff must show that (1) the defendant initiated or continued a criminal proceeding against him; (2) the proceeding was terminated in the plaintiff's favor; (3) there was no probable cause for the proceeding; and (4) the proceeding was instituted with malice. Weiner v. McKeefery, 90 F. Supp. 3d 17, 45 (E.D.N.Y.2015)

**1 Gunsalus and Kelly initiated and/or continued a criminal proceeding against Franco**

Gunsalus admits he generated paperwork for the criminal case against Franco (See Ex. "2", p.24 lines 5-7). And both he and Kelly met with the District Attorney to prepare for trial and testified at the criminal trial. (See Ex. "2", p.25-26) (Lichtmacher Declaration).

**2 The Proceeding Was Terminated in the Plaintiff's Favor**

The defendants acknowledge in their statement of facts not in dispute ¶ 56 that the Plaintiff was ultimately acquitted of all charges related to the July 4, 2014 incident after a trial during the week of June 15, 2015.

**3 There Was No Probable Cause for the Proceeding**

As was discussed in Point II above there was no probable cause to initiate plaintiff's arrest.

**4 The Proceeding Was Instituted with Malice**

Actual malice for purposes of malicious prosecution can be found via a lack of probable cause to arrest. In most cases, the lack of probable cause, while not dispositive, tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause. See; Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996)

Malice requires a showing by plaintiff that defendants had "a wrong or improper motive, something other than a desire to see the ends of justice served." Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (remanding grant of summary judgment with respect to one of two

malicious prosecution claims). Malice is generally inferred from circumstantial evidence. Id. Bailey v. City of N.Y., 79 F. Supp. 3d 424, 450 (E.D.N.Y.2015).

Defendants astoundingly allege that the record seems to be devoid of an allegation of malice in a matter in which numerous witnesses have the defendants beating Mr. Franco for no reason and with no legal justification. To cover up a beating is an unlawful purpose which would fit the parameters of the element of malice. And here the Defendants are alleged to have beaten the Plaintiff. It would be difficult for them to explain having used force against someone who they do not allege committed a criminal act. Therefore, the Court and the jury could easily conclude the Defendants acted with malice due to the fact that they beat the Plaintiff.

Defendants mislead the Court with their statement that Officer Kelly "played no role in the prosecution of Plaintiff other than assisting in the arrest of Plaintiff." (Defendants' Brief, page 10)

Kelly testified at Mr. Franco's criminal trial. He was clearly present for and assisted with the arrest. Therefore Defendants' statement is incorrect and he too should be a Defendant when this matter proceeds to trial.

Defendants also seem to confuse their motion with a motion pursuant to 12(b)(6) as they claim the Plaintiff "failed to plead specific factual grounds with respect to malice." (Defendants' Brief p 11). Even if they were correct, and they are not as the Plaintiff discussed the beating in his complaint, this is motion pursuant to Fed. R. Civ. P. 56 and we are past the pleading stage.

**Defendants Err in Stating There Was No Post Arraignment Liberty Deprivation as Plaintiff Was Forced to Make Criminal Court Appearances and Attend Trial.**

Forced court appearances satisfy the requirement of a Post Arraignment Deprivation of Liberty for purposes of a malicious prosecution brought pursuant to 42 U.S.C. §1983

> ...defendant incarcerated until trial no doubt suffers greater burdens. That difference, however, should not lead to the conclusion that a defendant released pretrial is not still "seized" in the constitutionally relevant sense. Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. Murphy v. Lynn, 118 F.3d 938, 946

(2d Cir.1997).

Defendants claim that because Plaintiff did not enumerate the number of court appearances he made that relieves them of liability for the malicious prosecution. However, they cite no case law in support of this proposition.

So too do the Defendants throw at the Plaintiff that he was arrested the next night. During that incident, witness Elijah Johnson was severely beaten and virtually all of Plaintiff's friends were arrested probably to scare them out of testifying about the beating of Mario Franco they witnessed the night before. During that next incident, Franco pled to a violation-not a crime-and Elijah Johnson's face was beaten into a bloody mess. (See Ex. "9"; Lichtmacher Declaration). Nothing about that incident is relevant to the instant matter.

**POINT IV**

**PLAINTIFF'S DENIAL OF A FAIR TRIAL CLAIM MUST PROCEED TO TRIAL**

Plaintiff has asserted Section 1983 due process claims that are often referred to as fair trial claims. "A fair trial claim is a civil claim for violations of a criminal defendant's Fourteenth Amendment due process rights." Fappiano v. City of New York, 640 F. App'x. 115, 118 (2d Cir. 2016) (citing Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010)). A defendant's right to a fair trial is violated wither when exculpatory evidence is withheld, i.e., or when a Brady violation occurs (see Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963)), or when an officer forwards fabricated evidence to prosecutors, Ricciuti v City of New York, 124 F.3d 123,130 (2d Cir. 1996).

A Section 1983 claim for the denial of a right to a fair trial based on an officer's provision of false information to prosecutors can stand even if the officer had probable cause to arrest the Section 1983 plaintiff. The language of Jovanovic cannot support the meaning UC 39 assigns to it. Garnett v. Undercover Officer C0039, 838 F.3d 265, 277-278, (2d Cir. 2016).

Because probable cause is no defense to a denial of the right to a fair trial claim, fair trial claims cover kinds of police misconduct not addressed by false arrest or malicious prosecution claims. See Ricciuti, 124 F.3d at 130 (HN12 "[A] police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable corruption of the truth-seeking function of the trial process." (internal quotation marks and citations omitted)); see also Castellano v. Fragozo, 352 F.3d 939, 955 (5th Cir. 2003) (finding jury instructions "deeply flawed" when they limited the jury's use of fabricated evidence to evaluate a Fourth Amendment malicious prosecution claim without allowing a finding of a Fourteenth Amendment due process violation). Garnett v. Undercover Officer C0039, 838 F.3d 265, 278-279 (2d Cir. N.Y. 2016)

The standard in Ricciuti restricts fair trial claims based on fabrication of information to those cases in which an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result. See Ricciuti, 124 F.3d at 130; see also Jocks v Tavernier 316 F.3d 128, 138 (2d Cir. 2003).

Gunsalus accused Franco of resisting arrest, an A misdemeanor and he generated documents with that information which were part of Franco's criminal trial. (See Ex. "2", p.75-76) (Lichtmacher declaration).

As both Kelly and Gunsalus testified at Franco's criminal trial, that he had committed

-9-

crimes he denies he committed and as there are witnesses corroborating Franco's version of events, the denial of a fair trial claim must go to the jury.

**Point V**

Plaintiff hereby dismisses his claims for illegal seizure of his property and his Monell claims with prejudice.

**Point VI**

### The Defendants are Not Entitled to Qualified Immunity

The defense of qualified immunity entitles public officials freedom from suit, as a result of the consequences of the performance of discretionary duties, when "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." Martinez v. Simonetti, 202 F.3d 625, 633-34 (2d Cir. 2000) (quoting Weyant v Okst, 101 F3d 845, 857 [2d Cir 1996])).  Plaintiff's protection against the false arrest, malicious prosecution and denial of a fair trial were all clearly established on July 5, 2014.  And it is incomprehensible that any officer would believe it was objectively reasonable to arrest a man primarily because you lost your temper and beat him in front of several witnesses.

It is the defendants who bear the burden of proving that the affirmative defense of qualified immunity applies. Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012).  In considering a qualified immunity defense, courts should not be "concerned with the correctness of the defendants' conduct, but rather the 'objective reasonableness' of their chosen course of action given the circumstances confronting them at the scene." Martinez v Simonetti, 202 F3d 625, 634 (2d Cir 2000) (quoting Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995)).

Overcoming qualified immunity entails a two-part process.  First, a plaintiff must allege the violation of a clearly-established constitutional or statutory right; plaintiff in this matter has done that repeatedly.  Second, qualified immunity will be denied only if a reasonable official should have known that the challenged conduct violated that established right. Rodriguez v. Comas, 888 F.2d 899, 901 (1st Cir. 1989). In measuring "reasonableness," the facts and circumstances of each individual case must be considered, including the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest. Graham v. Connor, 490 U.S. 386, 396 (1989).

Plaintiff was not arrested for a violent crime, and in fact he was acquitted of the crimes he was arrested for including resisting arrest.   The lone totally independent witness totally exonerates Plaintiff from having committed any criminal act.  (See Ex. "5" p 22).

Gonsalus and Kelly fabricated a story about rocks being thrown at them-something Gustke rebuts. (See Ex. "5" p 80).

With no evidence but self serving statements by officers who witnesses report beat the Plaintiff, qualified immunity is not available to the Defendants.

Summary judgment on qualified immunity grounds is simply not appropriate when there are facts in dispute that are material to a determination of reasonableness as there are in the instant matter.  Thomas v Roach, 165 F3d 137, 143 (2d Cir 1999).  "Though '[i]mmunity ordinarily should be decided by the court,' that is true only in those cases where the facts concerning the availability of the defense are undisputed; otherwise, jury consideration is normally required." (quoting Hunter v. Bryant, 502 U.S. 224 (1991)). Oliveira v. Mayer, 23 F.3d 642, 649 (2d Cir. 1994).   Here, all of the facts concerning the use of force are in dispute.

The Second Circuit has made clear that when analyzing a qualified immunity defense, the Court first must determine "whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation." Cowan v Breen, 352 F3d 756, 761 (2d Cir 2003). The Court must next determine "whether the constitutional right was clearly established at the time of the constitutional violation [and] whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id.

If the court could not determine whether the officers reasonably believed that their actions were legal, when several material facts were still in dispute, summary judgment on the basis of qualified immunity shall be precluded. Hemphill v Schott, 141 F.3d 412, 416-18 (2d Cir. 1998). Summary judgment on qualified immunity grounds in the instant matter is clearly inappropriate.

**Point VII**

**Where There are Genuine Issues of Material Fact Summary Judgment is Not Appropriate**

The granting of summary judgment is proper only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[A]t the summary judgment stage the judge's function is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). One of the defendants' arguments is in essence asking the Court to make a credibility determination in favor of the defendants, despite a large body of evidence supporting plaintiff's version of events. The Second Circuit in Jeffreys held that "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a

district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the plaintiff's account." <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 554 (2d Cir. 2005).  The Court will not be confronted with such a dilemma here, as several witnesses support plaintiff's account of the events and only the defendants present any evidence in their own defense.

## **Conclusion**

Summary judgment is not appropriate in the instant matter.  This case should be presented in tact to the tried of fact.

Dated:  New York, New York
        March 27, 2018

                                                                  /s/
                                        Fred Lichtmacher 513193
                                        The Law Office of Fred Lichtmacher P.C.
                                        116 West 23rd Street Suite 500
                                        New York, NY 10011
                                        (212) 922-9066
                                        empirestatt@aol.com

To: Christina F. DeJoseph, Esq.
Assistant Corporation Counsel
300 City hall
233 East Washington Street
Syracuse, New York 13202
(315) 448-8400