UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIO FRANCO,

                    Plaintiff,

    v.                                          Civil Action No.: 5:16-CV-634
                                                    (FJS/TWD)

THE CITY OF SYRACUSE, POLICE OFFICER JOHN
GUNSALUS 0453, POLICE OFFICER WILLIAM LASHOMB,
POLICE OFFICER MAURO 132, POLICE OFFICER
KELLY 279, and UNIDENTIFIED SYRACUSE POLICE
OFFICERS, all sued herein in their capacity as individuals.

                    Defendants.
_____

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Dated: April 2, 2018        By:    Christina F. DeJoseph, Esq.
                                               Assistant Corporation Counsel
                                               Bar Roll No.: 514784

                                               Todd M. Long, Esq.
                                               Assistant Corporation Counsel
                                               Bar Roll No.: 519301

                                               300 City Hall
                                               233 East Washington Street
                                               Syracuse, New York 13202
                                               Tel: (315) 448-8400

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii
TABLE OF AUTHORITIES ........................................................................................................ iii
PRELIMINARY STATEMENT .................................................................................................... 1
STANDARD OF REVIEW ............................................................................................................ 1
ARGUMENT .................................................................................................................................. 1
   PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED ....................... 1
     A.  Even assuming that Ofc. Kelly was "next to [plaintiff]," there is no disputed issue of fact that there was no reasonable opportunity to intervene. .................................................... 1

     B.  New theories of liability may not serve as a basis to defendants' motion for summary judgment and should not be considered by the court. ............................................................ 3

   BECAUSE THERE IS NO MATERIAL ISSUE OF FACT REGARDING OFC. GUNSALUS'S KNOWLEDGE, PROBABLE CAUSE BARS PLAINTIFF'S FALSE ARREST CLAIM ......................................................................................................................... 3
   THE MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED BECAUSE PROBABLE CAUSE EXISTED AND THERE IS NO EVIDENCE OF POST-ARRIAGNMENT DEPRIVATION OF LIBERTY ........................................................................ 4
     A.  Because there is no dispute as to the knowledge of Ofc. Gunsalus, probable cause bars plaintiff's malicious prosecution claim. ................................................................................ 4

     B.  Plaintiff has failed to demonstrate that there is an issue of fact regarding malice. ........... 5

     C.  Plaintiff has failed to "lay bare his proof" of a post-arraignment deprivation of liberty. 7

   PLAINTIFF'S FAIR TRIAL CLAIM MUST BE DISMISSED .............................................. 8
     A.  Plaintiff continues to rely on the same broad, conclusory allegations regarding falsified evidence. ................................................................................................................................. 8

   BECAUSE ARGUABLE PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF FOR DISORDERLY CONDUCT, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY .................................................................................................................................. 9
CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Akinnagbe v. City of New York*, 128 F. Supp. 3d 539, 546 (E.D.N.Y. 2015) .................................. 4
*Alonzo v. City of Syracuse*, 2017 WL 5564605, at *8 (N.D.N.Y. Nov. 17, 2017). ........................ 7
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ................................................... 1, 3
*Arbuckle v. City of New York*, 2016 WL 5793741, at *10 (S.D.N.Y. Sept. 30, 2016) ................... 7
*Becker v. Kroll*, 494 F.3d 904, 915-916 (10th Cir. 2007) ............................................................... 7
*Bennett v. Vidal*, 267 F.Supp.3d 487, 499 (S.D.N.Y. 2017) .......................................................... 8
*Bornschein v. Herman*, 2018 WL 550596, at *3 (N.D.N.Y. Jan. 18, 2018) ................................... 6
*Boyd v. City of New York*, 336 F.3d 72, 75-77 (2d Cir. 2003) ....................................................... 5
*Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983) ......................................................................... 8, 9
*Caravalho v. City of New York*, 2016 WL 1274575, *6 (S.D.N.Y. Mar. 31, 2016). ................ 4, 10
*Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 244 (E.D.N.Y. 2013) ...................................... 8
*Corley v. Shahid*, 89 F.Supp.3d 518, 523-24 (E.D.N.Y. 2015) ..................................................... 2
*Crenshaw v. City of Mount Vernon*, 372 F. App'x 202, 205 (2d Cir. 2010) .................................. 9
*Curley v. Vil. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) ............................................................... 2
*DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) .......................................... 7
*Garcia v. Doe*, 779 F.3d 84, 93-94 (2d Cir. 2014) ........................................................................ 4
*Haralambous v. Hubbs*, 2015 WL 3444328, *at 5 (D.Conn. May 28, 2015) ................................ 2
*Johnson v. City of Syracuse*, 5:16-CV-0622(BKS/DEP ................................................................ 1
*Karam v. City of Burbank*, 352 F.3d 1188, 1193-1194 (9th Cir. 2003) ......................................... 7
*Kingsland v. City of Miami*, 382 F.3d 1220, 1235-1236 (11th Cir. 2004) ..................................... 7
*Lanning v. City of Glen Falls*, No. 116-CV-132, 2017 WL 922058, at *6 (N.D.N.Y. Mar. 8, 2017) ............................................................................................................................................. 5
*Manganiello v. City of N.Y.*, 612 F.3d 149, 163-64 (2d Cir. 2010). .............................................. 5
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ............................. 5
*Morris v. State*, 1995 WL 155953, at *3 (N.D.N.Y. 1995) ........................................................... 1
*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) .................... 6
*Rehberg v. Paulk*, 566 U.S. 356 (2012). ........................................................................................ 6
*Rodriguez v. City of New York*, 2012 WL 1658303, at *5 (S.D.N.Y. May 11, 2012) ................... 2
*Stukes v. City of New York*, 2015 WL 1246542, at *6 (E.D.N.Y. 2015) ....................................... 6
*Syracuse Broad. Corp. v. Newhouse*, 236 F.2d 522, 525 (2d Cir. 1956) ....................................... 3
*Watson v. United States*, 865 F.3d 123, 134 (2d Cir. 2017) .......................................................... 6
*Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d Cir. 2000) .............................................. 5
*Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) ................................................ 4
*xman v. Downs*, 999 F. Supp. 2d 404, 413 (E.D.N.Y. 2014) ......................................................... 7
*Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) ............................................ 3

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted in further support of defendants' motion for partial summary judgment. For the reasons that follow—as well as those reasons articulated in defendants' original moving papers, *see* Dkt. No. 80—the Court should grant defendants' motion in its entirety.[1]

## STANDARD OF REVIEW

In opposition to a motion for summary judgment, the nonmoving party is required to lay bare his claims and the proof that supports them. *Morris v. State*, 1995 WL 155953, at *3 (N.D.N.Y. 1995). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "Only disputes over facts that might affect the outcome of the suit" will properly preclude the entry of summary judgment." *Id.* at 248.

## ARGUMENT

### POINT I

**PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED**

**A. Even assuming that Ofc. Kelly was "next to [plaintiff]," there is no disputed issue of fact that there was no reasonable opportunity to intervene.**

As outlined in defendants' motion papers, Dkt. No. 80-15 at 11-13, in order for a plaintiff

---

[1] Defendants note at the outset, that there are several instances in plaintiff's opposition papers where plaintiff conflates the underlying incident that occurred on July 4, 2014-July 5, 2014, with an incident on July 5, 2014-July 6, 2014 that gives rise to an unrelated matter. *See generally Johnson v. City of Syracuse*, 5:16-CV-0622(BKS/DEP). For example, plaintiff asserts that Ofcs. Gonsalus and Kelly "fabricated a story about rocks having been thrown at them" based on the testimony of non-party witness Erin Gustke. Dkt. No. 83 at 14. Although plaintiff does not even provide the Court with the pages that he cites in support of this allegation, that allegation arises in connection with the unrelated matter. *See* Dkt. No. 22 at 4 in *Johnson v. City of Syracuse*, 5:16-CV-0622(BKS/DEP).

1

to establish a failure to intervene claim against Ofc. Kelly, he must show, *inter alia*, that Ofc. Kelly had a reasonable opportunity to intervene and prevent the harm. *See Curley v. Vil. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). When considering the reasonableness of an opportunity to intervene, the court "must consider both (a) the duration of the constitutional violation, and (b) the defendant's presence and proximity during the use of the constitutional violation." *Thomas*, 2018 WL 1441301 at *8. Importantly, "[t]he mere fact that [an officer] was present for the entire incident does not, on its own, establish that he had either awareness of excessive force being used or an opportunity to prevent it." *Rodriguez v. City of New York*, 2012 WL 1658303, at *5 (S.D.N.Y. May 11, 2012).

Here, plaintiff attempts to create an issue of fact by asserting—without providing the Court with the benefit of any specific factual citations— that "some of the testimony" places Ofc. Kelly near plaintiff, while other testimony—including plaintiff's own testimony—indicates that Ofc. Kelly was a direct participant in the use of force.[2] If Ofc. Kelly was a direct participant, as plaintiff alleges, a failure to intervene claim against Ofc. Kelly cannot proceed. If, on the other hand it is true that Ofc. Kelly was in the vicinity—and not a direct participant—then his claim would still fail. "'[M]ere presence' is insufficient . . . because it ignores the requirement that a plaintiff prove a defendant had a reasonable opportunity to intervene." *Corley v. Shahid*, 89 F.Supp.3d 518, 523-24 (E.D.N.Y. 2015). Proximity simply does not mean that there was a "realistic opportunity to intervene and prevent the violation from occurring." *Haralambous v. Hubbs*, 2015 WL 3444328, *at 5 (D.Conn. May 28, 2015). Because the outcome is the same under either factual scenario, this fact is not ultimately "material" for purposes of summary

---

[2] Illogically, plaintiff implies that some witnesses were "silent on the issue," implying that their silence somehow creates an issue of fact. *See* Dkt. No. 83 at 6.

2

judgment. *See Anderson*, 477 U.S. at 247-48.

### B. New theories of liability may not serve as a basis to defendants' motion for summary judgment and should not be considered by the court.

It is well settled that opposition to a summary judgment motion is not the appropriate place to assert a new claim. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). Here, plaintiff's failure to intervene claim was predicated solely upon the purposed use of excessive force. Dkt. No. 50 at 5; Dkt. No. 80-3 at 7-8. Yet, in opposition to defendants' summary judgment motion, plaintiff now asserts for the first time that Ofc. Kelly "could still be found liable for failure to intervene as to false arrest." Dkt. No. 83 at 7. This claim, raised for the first time in opposition, should not be considered by the Court. *Syracuse Broad. Corp. v. Newhouse*, 236 F.2d 522, 525 (2d Cir. 1956).

## POINT II

### BECAUSE THERE IS NO MATERIAL ISSUE OF FACT REGARDING OFC. GUNSALUS'S KNOWLEDGE, PROBABLE CAUSE BARS PLAINTIFF'S FALSE ARREST CLAIM

Plaintiff alleges that there is an issue of fact regarding whether there was an audible order to disperse, arguing that testimony indicates that "no officer ma[de] any announcement over a loudspeaker for everybody to disperse." [3] Dkt. No. 83 at 8. This sweeping statement misconstrues the testimony cited by plaintiff; that is plaintiff and witnesses **did not** testify that an order to disperse was not made over the intercom; rather, each testified that they did not **hear** any officer making an announcement over the intercom. Dkt. No. 80-6 at 23; Dkt. No. 80-7 at

---

[3] In support, plaintiff cites to page 62 of Exhibit 5, which is the deposition of Erin Gustke. However, that portion of the deposition does not address (1) whether officers were making an announcement or (2) whether she heard officers making an announcement.

3

38; Dkt. No. 80-8 at 56-58; Dkt. No. 80-9 at 22-23, 28. Their inability to hear the intercom is certainly consistent with Ofc. Guansalus's testimony that he used his vehicle's intercom as he approached the raucous crowd of approximately 50-70 people. Dkt. No. 80-10 at 34, 41-42, 44, 103. In addition, plaintiff **did not** testify that he was not given an order; rather he testified that he did not hear the order. Dkt. No. 80-6 at 30; *see* Dkt. No. 80-9 at 28-29, 44.

These distinctions are of critical importance because, as noted in defendants' initial memorandum of law, *see* Dkt. No. 80-15 at 14-16, plaintiff's claimed inability to hear an order to disperse does not undermine the existence of probable cause.[4] The relevant inquiry centers solely on the facts known to the officer at the time. *Garcia v. Doe*, 779 F.3d 84, 93-94 (2d Cir. 2014); *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008); *accord Akinnagbe v. City of New York*, 128 F. Supp. 3d 539, 546 (E.D.N.Y. 2015) ("It is of no moment that plaintiffs may not all have heard the order, because what is material is whether it was reasonable for the arresting officer defendants to believe that they did."). There is no disputed issue of fact that an order to disperse was given and that plaintiff failed to disperse; whether the order was heard or understood is not relevant and does not create an issue of fact. *See Caravalho v. City of New York*, 2016 WL 1274575, *6 (S.D.N.Y. Mar. 31, 2016).

### POINT III

**THE MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED BECAUSE PROBABLE CAUSE EXISTED AND THERE IS NO EVIDENCE OF POST-ARRIAGNMENT DEPRIVATION OF LIBERTY**

**A. Because there is no dispute as to the knowledge of Ofc. Gunsalus, probable cause**

---

[4] Although defendants focus on probable cause to arrest plaintiff for disorderly conduct, this is not intended to waive any argument regarding whether there was probable cause to believe plaintiff committed *any* offense, including, but not limited to, obstructing government administration.

4

**bars plaintiff's malicious prosecution claim.**

For the reasons stated in Point II, *supra*, probable cause existed to arrest plaintiff and, as a result, his malicious prosecution claim must also be dismissed as a matter of law.[5]

**B. Plaintiff has failed to demonstrate that there is an issue of fact regarding malice.**

In opposition to the motion, plaintiff failed to set forth specific facts showing that there is a genuine issue for trial, *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d Cir. 2000), or that plaintiff's conclusory and vague allegations cast anything more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, plaintiff alleges that there was a "cover[-]up" of the alleged beating of Plaintiff, *see* Dkt. No. 83 at 10; an allegation that is wholly without factual support. This empty accusation floats in the ether within the insufficiently metaphysical realm of doubt. In the absence of citation to the record where there was an alleged cover-up, plaintiff has failed to present any issue of material fact that supports his notion that defendants acted in malice, as a matter of law; being that the level of intentionality by a defendant must be illustrated "by some deliberate act punctuated with awareness of 'conscious falsity' to establish malice." *Manganiello v. City of N.Y.*, 612 F.3d 149, 163-64 (2d Cir. 2010).

Plaintiff also argues that there is malice because "[i]t would be difficult for [defendants] to explain having used force against someone who they do not allege committed a criminal act." Dkt. No. 83 at 10. This ignores that plaintiff was accused of a crime; plaintiff was charged with

---

[5] The probable cause inquiry for false arrest claims can differ from the probable cause inquiry for malicious prosecution claims. *See e.g.*, *Boyd v. City of New York*, 336 F.3d 72, 75-77 (2d Cir. 2003). However, if a plaintiff—as is the case here—"does not allege that there was any difference in the facts known to the police officers between arrest and arraignment," the Court need "analyze only the existence of probable cause at the time of [ ] arrest[ ]." *Lanning v. City of Glen Falls*, No. 116-CV-132, 2017 WL 922058, at *6 (N.D.N.Y. Mar. 8, 2017).

disorderly conduct, resisting arrest, and harassment in the second degree. *See* Dkt. No. 80-13.

Contrary to plaintiff's allegation, defendants did not "mislead" the court regarding Ofc. Kelly's role in plaintiff's prosecution.  There is no material issue of fact that Ofc. Kelly's role did not involve plaintiff's arraignment, "fill[ing] out a complaining and corroborating affidavit, or sign[ing] a felony complaint." *Bornschein v. Herman*, 2018 WL 550596, at *3 (N.D.N.Y. Jan. 18, 2018). Plaintiff does not dispute Ofc. Kelly's limited role in his memorandum of law. *See* Dkt. No. 83-1. Moreover, Ofc. Kelly's involvement has no bearing on the *malice* element of a claim for malicious prosecution, but rather the first element as to whether Ofc. Kelly was involved in the "(1) initiation of a proceeding." *Watson v. United States*, 865 F.3.d 123, 134 (2d Cir. 2017) (internal citations omitted); *see* Dkt. No. 80-15, pp. 9-10. Whether Ofc. Kelly later testified at the request of the prosecutor has no bearing on this portion of the analysis, and he would otherwise be absolutely immune for such testimony. *Stukes v. City of New York*, 2015 WL 1246542, at *6 (E.D.N.Y. 2015); *see Rehberg v. Paulk*, 566 U.S. 356 (2012).

Plaintiff also argues that any argument with respect to the insufficiency of his pleadings is too late now because "we are past the pleadings stage." Dkt. No. 83 at 10.  This, of course, ignores motions brought pursuant to Rule 12(c), which has the same dismissal standard for failure to state a claim as under FRCP Rule 12(b)(6), and allows a party to move for judgment on the pleadings well after the issue is joined. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Moreover, plaintiff is incorrect that a judgment on the pleadings cannot be ruled on in a motion for summary judgment as courts have treated motions for summary judgment as motions pursuant to Rule 12(c) where applicable and justiciable. Finally, regardless of whether or not defendants "formally" brought a motion pursuant to Rule 12(c), this does not disrupt

the objectively defective condition of plaintiff's argument—up until the point of his opposition to defendants' present motion—in that he had failed to provide any argument or allegations of fact to support the basic element if malice in his malicious prosecution claim.

### C. Plaintiff has failed to "lay bare his proof" of a post-arraignment deprivation of liberty.

Plaintiff has also failed to raise a material issue of fact with respect to whether he suffered a sufficient post-arraignment deprivation of his liberty. While the "case law from this Circuit is somewhat unclear with respect to the approach courts should take when considering this final element" of a malicious prosecution claim, *Oxman v. Downs*, 999 F. Supp. 2d 404, 413 (E.D.N.Y. 2014), plaintiff's amended complaint is devoid of any *specific* detail regarding plaintiff's arraignment and the requirements that the court may have imposed upon him. *See generally* Dkt. No. 50 at ¶ 47. Plaintiff's allegation alone that he was "forced to appear in court numerous times over slightly less than a year," is not insufficient to demonstrate a sufficient liberty restraint implicating plaintiff's Fourth Amendment rights.[6] *See Arbuckle v. City of New York*, 2016 WL 5793741, at *10 (S.D.N.Y. Sept. 30, 2016) ("[Plaintiffs'] claim for malicious prosecution fails because [he] only allege[s] that he was required to make at least three court appearances after his arraignment."); *see also Alonzo v. City of Syracuse*, 2017 WL 5564605, at *8 (N.D.N.Y. Nov. 17, 2017).

### POINT IV

---

[6] Several other Circuits have held that section 1983 malicious prosecution claims are not cognizable where a party premises the deprivation of liberty element on standard conditions of pre-trial release. S*ee, e.g.*, *Becker v. Kroll*, 494 F.3d 904, 915-916 (10th Cir. 2007); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005); *Kingsland v. City of Miami*, 382 F.3d 1220, 1235-1236 (11th Cir. 2004); *Karam v. City of Burbank*, 352 F.3d 1188, 1193-1194 (9th Cir. 2003) (finding that pretrial release conditions obligating plaintiff to obtain court's permission before leaving the state and compelling her appearance in court amounted to *de minimis* restrictions not rising to the level of a Fourth Amendment seizure).

## PLAINTIFF'S FAIR TRIAL CLAIM MUST BE DISMISSED

### A. **Plaintiff continues to rely on the same broad, conclusory allegations regarding falsified evidence.**

As noted in defendants' initial memorandum of law, plaintiff's allegations regarding alleged fabricated evidence lacks specificity and factual support. Dkt. No. 80-15 at 23-24 (citing Dkt. No. 50). Plaintiff has failed to proffer any evidence to indicate that Ofc. Gunsalus falsified information or "fabricated evidence." Other than continuing to generally claim that Ofc. Gunsalus "accused [plaintiff] of resisting arrest," Dkt. No. 83, plaintiff has failed to allege or describe the allegedly "false information" that was fabricated and thereafter forwarded to prosecutors. *See Bennett v. Vidal*, 267 F.Supp.3d 487, 499 (S.D.N.Y. 2017) ("this is not a case where the plaintiff has presented evidence indicating that an officer falsified information or fabricated evidence sufficient to defeat a motion for summary judgment.").

### A. **To the extent that plaintiff's fair trial claim is based upon the testimony adduced during plaintiff's criminal trial, the officers enjoy absolute immunity.**

In opposition to defendants' motion, plaintiff contends that his fair trial claim is based upon the testimony that officers provided during plaintiff's criminal trial, suggesting that their testimony was fabricated. Dkt. No. 83 at 12. However, a trial witness's testimony—even if perjured—cannot serve as the basis for a claim pursuant to section 1983. *See Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 244 (E.D.N.Y. 2013) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983)).

Critically, because plaintiff's fair trial claim against Ofc. Kelly is based **_solely_** on the testimony that he provided at the criminal trial, *see* Dkt. No. 83 at 12, to the extent the court disagrees with Point V.A, *supra*, plaintiff's fair trial claim as to Ofc. Kelly must nonetheless

8

dismissed due to absolute immunity. *See Briscoe*, 460 U.S. at 335-36. Outside of Ofc. Kelly's trial testimony, plaintiff points to no other allegedly fabricated evidence—in the form of false testimony or otherwise—that could support a fair trial claim against Ofc. Kelly.

### POINT VI

### BECAUSE ARGUABLE PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF FOR DISORDERLY CONDUCT, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

In addition to the fact that there is no dispute that probable cause existed to arrest plaintiff, *see* Point II *supra*, there is no dispute that arguable probable cause existed, which entitles defendants to the privilege of qualified immunity. *See Crenshaw v. City of Mount Vernon*, 372 F. App'x 202, 205 (2d Cir. 2010). As outlined in defendants' initial motion papers, arguable probable cause "exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." Dkt. No. 80-15 at 26. In opposition to defendants' motion, plaintiff has failed to create an issue of fact.

First, plaintiff argues that he was acquitted of the crimes for which he was arrested. Dkt. No. 83 at 14. This is irrelevant to the analysis, which focuses on the reasonable police officer in the same circumstances. It is for the same reason that plaintiff's broad and overstated contention that "[t]he lone totally independent witness totally exonerates Plaintiff from having committed any criminal act" fails.

In addition, plaintiff argues "[w]ith no evidence but self[-]serving statements by officers who witnesses report beat the Plaintiff, qualified immunity is not available to the Defendants." Dkt. No. 83 at 14. This argument, of course, is little more than a red herring, adn while plaintiff

characterizes defendants' testimony as "self-serving," the fact remains that the critical facts giving rise to arguable probable cause are undisputed by the parties; to wit, an order to disperse was given and that plaintiff failed to disperse; whether the order was heard or understood is not relevant and does not create an issue of fact. *See Caravalho*, 2016 WL 1274575, at *6.

Second, defendants' have not moved for summary judgment on plaintiff's excessive force claims or argued that they're entitled to qualified immunity regarding the same; rather, defendants have moved for partial summary judgment and argued, *inter alia*, that they are entitled to qualified immunity on the false arrest and malicious prosecution claims because probable cause existed to arrest plaintiff for *disorderly conduct*. Dkt. No. 80-15 at 25-27. The purported use of force in this situation, i.e. what plaintiff repeatedly characterizes as a "beating," is not relevant to the resolution of these particular claims. Here, it was objectively reasonable for defendants to believe they had probable cause to arrest plaintiff based on the investigation and circumstances discussed in plaintiff's initial memorandum of law and Point II, *supra.*

## CONCLUSION

**WHEREFORE**, based upon the foregoing reasons, defendants respectfully request that the Court grant its motion for partial summary judgment, dismissing plaintiff's second through seventh claims in their entirety, and for such other and further relief as the Court deems just and proper.

Dated: April 2, 2018                    Respectfully submitted,
       Syracuse, New York

                                        By**:**    s/Christina F. DeJoseph
                                               Christina F. DeJoseph, Esq.
                                               Assistant Corporation Counsel
                                        By**:**    s/Todd M. Long
                                               Todd M. Long, Esq.
                                               Assistant Corporation Counsel